UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMES LARRY AGNEW,

     Plaintiff,

v.

GLA COLLECTION COMPANY, INC.,

     Defendant.

CIVIL COMPLAINT

CASE NO. 1:16-cv-03462

DEMAND FOR JURY TRIAL

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT
AND THE TELEPHONE CONSUMER PROTECTION ACT

NOW comes JAMES LARRY AGNEW ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct by GLA COLLECTION COMPANY, INC. ("Defendant") as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA) under 15 U.S.C. §1692, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

## JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4.    Plaintiff is a 61 year old natural person and is a "consumer" as defined by §1692a(3) of the FDCPA.

5.    Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6.    Defendant is a "full service professional collection agency"[1] with its headquarters located in Louisville, Kentucky.  Defendant is a third-party debt collector that is in the business of collecting consumer debts for others, including debt allegedly owed by Plaintiff.

7.    Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8.    Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10.   In approximately January 2015, Plaintiff started receiving phone calls from Defendant to his cellular phone, (864) XXX-5243.  *Id*.

---

[1] http://www.glacompany.com/about.html

11.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5243.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

12.  The phone number that Defendant has most frequently used to call Plaintiff from is (502) 267-7522.

13.  Upon information and belief, the phone number ending in 7522 is regularly utilized by Defendant during its debt collection practice against consumers.

14.  When Plaintiff has answered calls from Defendant, he is greeted with a recorded message prompting him to hold until a live representative can take the call.

15.  During the recorded message, Defendant identifies itself as a debt collector that is attempting to collect on a debt.

16.  Upon information and belief, Defendant is contacting Plaintiff seeking payment of a consumer medical obligation as he suffers from serious health issues.

17.  When Plaintiff has spoken with a live representative of Defendant, they ask him to verify personal information that he is not comfortable giving out.

18.  On or around January 10, 2015, Plaintiff instructed Defendant to cease calling his cellular phone.

19.  Plaintiff has made other demands to Defendant to cease contacting him as well.

20.  Despite his requests, Defendant continued to place collection calls to Plaintiff's cellular phone throughout 2015 and into 2016.

21.  Plaintiff has received not less than 40 calls from Defendant since April 2015.

22.  Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in fees and expenses.

3

23. Plaintiff has incurred costs putting and maintaining an application on his cellular phone to block Defendant's phone number.

24. Plaintiff has suffered charges and expenses that he would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

25. Plaintiff has suffered financial loss as a result of Defendant's conduct.

26. Plaintiff has been unfairly harassed by Defendant's actions.

27. Plaintiff's physical ailments have been worsened by Defendant's conduct..

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(10) and f through its debt collection actions towards Plaintiff. Through systematic collection calls, Defendant engaged in conduct which had the natural consequence of harassing Plaintiff.

30. Despite being told to cease contacting him, Defendant continued to relentlessly and unfairly communicate with Plaintiff via automated calls. Defendant was notified by Plaintiff that its calls were not welcome as he was not comfortable verifying personal information to a party he had no relationship with.

31. Through its conduct, Defendant misleadingly and falsely represented to Plaintiff that it had the legal ability to contact him via automated calls. Defendant knew that its call were unwelcomed and inconvenient to Plaintiff as he requested that it stop calling him.

32. Defendant's harassment techniques are strategically designed to induce consumers, such as Plaintiff, to pay immediately in order to avoid further harassment, embarrassment and sheer annoyance despite their inability to pay.

33.   As plead in paragraphs 21 to 27, Plaintiff was harmed by Defendant's collection actions.

WHEREFORE, Plaintiff, JAMES LARRY AGNEW, respectfully requests that this

Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.   Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.   Enjoining Defendant from further contacting Plaintiff; and

f.   Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

34.   Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

36.   Defendant used an ATDS in connection with its collection communications directed towards Plaintiff.  The recorded messages that Plaintiff heard during Defendant's calls are of the variety generated by an ATDS.  Additionally, the frequency and nature of Defendant's calls strongly suggests that a predictive ATDS was used to generate the communications.

37.   Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent.  Any consent that Plaintiff *may* have given to the original party of interest on the debt, which Defendant will likely assert transferred down, was specifically revoked.  Plaintiff made demands to Defendant to cease contacting him.

38.   The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

39.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Defendant is routinely in willful violation of the TCPA during its debt collection activity.

WHEREFORE, Plaintiff, JAMES LARRY AGNEW, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.   Awarding Plaintiff costs and reasonable attorney fees;

d.   Enjoining Defendant from further using an ATDS to contact Plaintiff; and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

40.   Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41.   Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection attempts towards Plaintiff.

42.   The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction.  An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."  I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227."  I.C. 24-5-0.5-3(b)(19).

43.   Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

44.   Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

45.   Defendant's collection calls and actions towards Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

46.   Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff.  Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff.  Defendant was specifically notified by Plaintiff to stop contacting him.  However, Defendant ignored these prompts in an abusive attempt to procure payment from Plaintiff.

47.   Placing numerous calls after being told to stop was abusive to Plaintiff.  Defendant intended to harass Plaintiff into submission by causing his phone to ring repeatedly.

48.   In violating the TCPA, Defendant engaged in illegal behavior during its communications towards Plaintiff.   Defendant intended that Plaintiff rely on its illegal behavior.

The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

49.   The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."  I.C. 24-5-0.5-4(a)(1)(2).

50.   Defendant's conduct was part of an incurable act.  Upon information and belief, Defendant routinely and systematically contacts consumers through means of an ATDS even when it no longer has consent to do so.

51.   Plaintiff made a good-faith attempt to correct Defendant's incurable deceptive acts by demanding that it cease contacting him.

52.   Defendant's actions are against public policy as it routinely subjects consumers to unwanted harassment.

53.   As pled in paragraphs 21 through 27, Plaintiff has suffered damages as a result of Defendant's unlawful conduct.  Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, JAMES LARRY AGNEW, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c.   Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d.   Enjoining Defendant from further using an ATDS to contact Plaintiff; and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: December 21, 2016                    Respectfully submitted,

                                            s/ Nathan C. Volheim
                                            Nathan C. Volheim, Esq. #6302103
                                            Counsel for Plaintiff
                                            Admitted in the Southern District of Indiana
                                            Sulaiman Law Group, Ltd.
                                            900 Jorie Boulevard, Suite 150
                                            Oak Brook, Illinois 60523
                                            (630) 575-8181 x113 (phone)
                                            (630) 575-8188 (fax)
                                            nvolheim@sulaimanlaw.com